Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| STICK SPORTS, INC. Y OTROS<br><br> Peticionarios<br><br>   Vs.<br><br>CORRATEC FLORIDA, INC. Y OTROS<br><br> Recurridos | KLCE202201408 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2022CV00859<br><br>Sobre: Incumplimiento de Contrato |

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Romero García y la Juez Méndez Miró

Méndez Miró, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 31 de enero de 2023.

Stick Sports, Inc. (Stick Sports) y el Sr. José Luis Santiago Alvarado (señor Santiago) (conjuntamente, Peticionarios) solicitan que este Tribunal revise la *Orden* que emitió el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI), el 29 de noviembre de 2022. En esta, el TPI levantó la anotación de rebeldía a Corratec Florida, Inc. (Corratec) y el Sr. Fernando Bolona (señor Bolona) (conjuntamente, Recurridos) previamente emitida el 12 de agosto de 2022.

Se deniega la expedición del *certiorari*.

**I. Tracto Procesal y Fáctico**

El 28 de febrero de 2022, los Peticionarios presentaron una *Demanda* sobre incumplimiento de contrato y daños en contra de los Recurridos.[1] En suma, solicitaron que se les ordenara responder solidariamente por los daños causados por la alegada remoción ilegal de

_____

[1] Apéndice de *Petición de Certiorari*, págs. 160-166.

Stick Sports de la distribución exclusiva de la marca Corratec en Puerto Rico.

Luego de intentos infructuosos dirigidos a emplazar a los Recurridos, el 31 de mayo de 2022, los Peticionarios tramitaron el correspondiente emplazamiento por edicto, el cual se publicó en un periódico de circulación general el 23 de junio de 2022.

Luego de que se acreditó la publicación del edicto[2] y, ante la ausencia de contestación a la *Demanda*, presentación de moción dispositiva alguna o solicitud de prórroga dentro del término que contemplan las Reglas de Procedimiento Civil, el 11 de agosto de 2022, los Peticionarios presentaron ante el TPI una *Moción Solicitando Anotación de Rebeldía y Sentencia*.[3]

Ante ello, el 12 de agosto de 2022, el TPI emitió una *Orden*, la cual notificó el 15 de agosto de 2022. En esta, el TPI expresó como sigue:

> Expirado el término para hacer alegación responsiva, anótesele la rebeldía a [los Recurridos]. [Peticionarios] tiene 30 días para presentar el informe de conferencia con antelación a la vista en rebeldía.[4]

Así las cosas, el 17 de septiembre de 2022, el TPI emitió otra *Orden*, la cual notificó el 27 de septiembre de 2022.[5] Mediante esta, señaló la *Vista en Rebeldía* para el 29 de noviembre de 2022.[6]

El 27 de septiembre de 2022, el TPI notificó que el caso había sido reasignado a la Sala 501 que preside la Hon. Annette M. Prats Palerm.[7]

---

[2] Véase, *Moción Acreditando Publicación del Edicto y de su Notificación por Correo Certificado a la Parte Demandada*. *Íd.*, págs. 120-121.
[3] *Íd.*, págs. 115-118.
[4] *Íd.*, pág. 114.
[5] *Íd.*, pág. 103.
[6] Las órdenes de 12 de agosto de 2022 y 17 de septiembre de 2022 las dictó la Hon. Anelís Hernández Rivera.
[7] Apéndice *Petición de Certiorari*, pág. 102.

El 29 de noviembre de 2022, fecha en que se había señalado la celebración de la *Vista en Rebeldía*, los Recurridos comparecieron, por primera vez, ante el TPI. Presentaron una *Moción Asumiendo Representación Legal, en Solicitud de Levantamiento de Rebeldía y Solicitando una Breve Prórroga para Contestar Demanda* (Solicitud de Levantamiento).[8] En suma, sostuvieron que procedía levantar la anotación de rebeldía debido a que el ordenamiento procesal contempla esta posibilidad cuando la parte en rebeldía prueba que cuenta con una buena defensa en sus méritos y que el perjuicio que supondría tal levantamiento sería mínimo.

Ese mismo día, durante la *Vista en Rebeldía*, el TPI escuchó las posturas de las partes, y sostuvo, en corte abierta, que el fin último es atender las controversias en los méritos, aun cuando los Recurridos no comparecieron a tiempo.[9] Asimismo, el mismo 29 de noviembre de 2022, el TPI emitió una *Orden* mediante la cual levantó la anotación de rebeldía a los Recurridos que había emitido el 12 de agosto de 2022.[10]

Ante esta determinación, el 4 de diciembre de 2022, los Recurridos presentaron su *Contestación a Demanda y Reconvención*.[11]

Inconforme, el 23 de diciembre de 2022, los Peticionarios presentaron su *Petición de Certiorari* ante este Tribunal y efectuaron los señalamientos de error que siguen:

> EL TPI ABUS[Ó] DE SU DISCRECI[Ó]N E INCURRI[Ó] EN ERROR MANIFIESTO AL ORDENAR LEVANTAR UNA ANOTACI[Ó]N DE REBELD[Í]A QUE HAB[Í]A ADVENIDO FINAL Y FIRME, SIN QUE EXISTIERA CAUSA JUSTIFICADA PARA ELLO, TRAS QUEDAR DERROTADA

---

[8] *Íd.*, págs. 28-34.
[9] *Íd.*, págs. 2-5.
[10] *Íd.*, pág. 27.
[11] *Íd.*, págs. 6-22.

TODA PRESUNCI[Ó]N DE DEFENSAS V[Á]LIDAS CON EL DESISTIMIENTO VOLUNTARIO DE SUS CAUSAS DE ACCI[Ó]N.

EL TPI ABUS[Ó] DE SU DISCRECI[Ó]N E INCURRI[Ó] EN ERROR MANIFIESTO AL IGNORAR EL PATR[Ó]N DE ABANDONO Y DEJADEZ DE LA PARTE RECURRIDA, QUIEN TOM[Ó] LA DETERMINACI[Ó]N DE NO COMPARECER A DEFENDERSE HASTA LLEGADA LA VISTA EN DAÑOS EN REBELD[Í]A, PERMITI[É]NDOLE EL TPI TRAER EN DICHA ETAPA LAS DEFENSAS A LAS QUE HAB[Í]A RENUNCIADO VOLUNTARIAMENTE.

ERRÓ EL TPI AL EMITIR UNA ORDEN EN TOTAL ABSTRACCI[Ó]N DE LAS CONSTANCIAS DE LOS AUTOS DEL CASO, VIOLENTANDO AS[Í] EL DEBIDO PROCESO DE LEY DE ESTA PARTE.

Ante ello, el 3 de enero de 2023, los Recurridos comparecieron ante este Tribunal mediante una *Oposición a Expedición de Auto de Certiorari*. Sostuvieron, en gran medida, los mismos argumentos de la Solicitud de Levantamiento. Plantearon, además, que la decisión de levantar la anotación de rebeldía fue producto de una aplicación de los requisitos del ordenamiento luego de que el TPI estudió el tracto procesal y las alegaciones de las partes. Por ello, entiende que este Tribunal no debe intervenir con la discreción del TPI.

Con el beneficio de la comparecencia de las partes, se resuelve.

## II. Marco Legal

El auto de *certiorari* es el vehículo procesal mediante el cual este Tribunal puede revisar un dictamen del tribunal inferior. *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012). Este recurso se distingue por la discreción de este Tribunal para autorizar su expedición y adjudicar sus méritos. *Íd.*, pág. 338. Esto es, distinto a las apelaciones, este Tribunal decide si ejerce su facultad de expedir el recurso. *García v. Padró*, 165 DPR 324, 334 (2005).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece la autoridad limitada de este Tribunal para revisar las órdenes y las resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. La Regla 52.1, *supra*, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Si ninguno de estos elementos está presente en la petición ante la consideración de este Tribunal, procede abstenerse de expedir el auto, de manera que se continúen los procedimientos del caso, sin mayor dilación, ante el Tribunal de Primera Instancia. *García v. Asociación*, 165 DPR 311, 322 (2005); *Meléndez Vega v. Caribbean Intl. News*, 151 DPR 649, 664 (2000); *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

De conformidad, para determinar si procede la expedición de un *certiorari* se debe acudir a la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40. El tribunal tomará en consideración

los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ahora bien, esta regla no constituye una lista exhaustiva y ninguno de estos criterios es determinante por sí solo. *García v. Padró*, *supra*, pág. 335, n. 15. El Foro Máximo ha expresado que este Tribunal debe evaluar "tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

La interferencia de este foro con la facultad discrecional del TPI solo procede cuando este: "(1) actuó con prejuicio o parcialidad, (2) incurrió en

un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo". *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000). Así, "las decisiones discrecionales que toma el Tribunal de Primera Instancia no serán revocadas a menos que se demuestre que ese foro abusó de su discreción". *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434 (2013). Ello se debe a que "los foros apelativos no deben pretender administrar ni manejar el trámite regular de los casos ante el foro primario". *Íd.*

La determinación de que un tribunal abusó de su discreción está atada íntimamente al concepto de la razonabilidad. *Íd.*, págs. 434-435. Nuestro Foro Más Alto definió la discreción como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Íd.*, pág. 435; *IG Builders et al. v. BBVAPR*, *supra*, pág. 338. Además, explicó que la discreción se "nutr[e] de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia; no es función al antojo o voluntad de uno, sin tasa ni limitación alguna", así como tampoco implica "poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho". *SLG Zapata-Rivera v. J.F. Montalvo*, *supra*, pág. 435; *Bco. Popular de P.R. v. Mun. de Aguadilla*, 144 DPR 651, 658 (1997). Por lo cual, el auto de *certiorari* debe usarse con cautela y solamente por razones de peso. *Pérez v. Tribunal de Distrito*, 69 DPR 4, 18 (1948).

A la luz de la normativa expuesta, se resuelve.

### III. Discusión

En suma, los Peticionarios sostienen que el TPI abusó de su discreción al emitir una *Orden* el 29 de

noviembre de 2022, mediante la cual levantó la anotación de rebeldía. Entienden que, ausente causa justificada, el proceder del TPI violenta los derechos reconocidos a los Peticionarios por la Regla 45 de Procedimiento Civil, 32 LPRA Ap. V, R. 45., y su jurisprudencia interpretativa.

Según se indicó en la Sección II de esta *Resolución*, la Regla 52.1 de Procedimiento Civil, *supra*, limita las instancias en las que una determinación interlocutoria es susceptible a revisión. Además de las instancias específicas que se enumeran en la regla, este Tribunal puede revisar cualquier determinación interlocutoria con la que sea necesario intervenir para evitar un fracaso a la justicia.

Ahora bien, la expedición del recurso de *certiorari* al amparo de la Regla 52.1 de Procedimiento Civil, *supra*, no opera en el vacío; tiene que anclarse en una de las razones de peso que establece la Regla 40 de este Tribunal, *supra*. Este no es el caso.

Examinado el expediente, este Tribunal concluye que este caso no presenta alguno de los siete criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* y no identifica una situación por la cual se deba expedir el auto que solicitan los Peticionarios. Ausente error, prejuicio o abuso de discreción, no procede intervenir con el dictamen del TPI.

**IV.**

Por los fundamentos expuestos, se deniega la expedición del *certiorari*.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones